UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORENZO CHUTA-SALAZAR,                  *
                                        *
        Petitioner,                     *
                                        *
        v.                              *
                                        *        Civil Action No. 1:26-cv-12003-IT
TODD BLANCHE, Acting Attorney General,  *
et al.,                                 *
                                        *
        Defendants.                     *
                                        *

MEMORANDUM & ORDER

May 22, 2026

TALWANI, D.J.

## I.      Background

Petitioner Lorenzo Chuta-Salazar, a citizen of Guatemala, is subject to a final order of

removal from the United States. Opp'n Ex. A, ¶¶ 6–7 [Doc. No. 8-1] ("Sullivan Declaration").

He is presently detained at the Plymouth County Correctional Facility in Plymouth,

Massachusetts ("Plymouth"). Pet. ECF 2 [Doc. No. 1]. The events leading to Petitioner's

detention, as well as Petitioner's transfer from Massachusetts to Louisiana and subsequent return

to Massachusetts while in custody, are set forth in the court's April 8, 2026 memorandum and

order in a related case, Chuta-Salazar v. Blanche, 26-cv-11287-IT, 2026 WL 949004, at *4–5 (D.

Mass. Apr. 8, 2026) (Dkt. No. 12). The court incorporates that background information here by

reference.

On March 6, 2026, an Immigration Judge affirmed U.S. Citizenship and Immigration's

("USCIS") previous negative credible fear determination for Petitioner. Id. at *2–3. Nine days

later, on March 15, 2026, Petitioner's wife filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf. Id. at *2.

On March 16, 2026, Petitioner sought an emergency stay of his impending removal to Guatemala and habeas relief from this court. Id. Also on March 16, Petitioner filed a petition in the First Circuit for a stay of removal and for review of the Immigration Judge's affirmance of the negative credible fear determination, alleging that the hearing at which the Immigration Judge rendered this decision was conducted in a manner that violated Petitioner's due process rights. See Chuta-Salazar v. Blanche, No. 26-1262, Dkt. No. 1 (1st Cir. 2026). Pursuant to the First Circuit's Local Rule 18.0, the First Circuit administratively stayed Petitioner's removal for ten business days.

On March 25, 2026, the First Circuit denied Petitioner's request for a stay of removal, vacated the Local Rule 18.0 administrative stay, and directed Petitioner to file a written response to the government's request for "summary disposition of the proceeding." Order of Court, Chuta-Salazar v. Blanche, No. 26-1262, Dkt. No. 5, at *2 (1st Cir. Mar. 25, 2026). Both Petitioner and the government state that Petitioner's petition for review remains pending before the First Circuit.[1] See Pet. ECF 6 [Doc. No. 1]; Opp'n 5 [Doc. No. 8].

On April 8, 2026, the court denied Petitioner's motion for an emergency stay of removal and petition for habeas relief where (1) Petitioner requested that the court intervene in his

---

[1] A more precise status for Petitioner's First Circuit case is not clear from a review of the available docket. Since the First Circuit's March 25, 2026 order, Petitioner paid the requisite filing fee on March 27, 2026, and an administrative record was docketed on April 24, 2026. On April 13 and April 30, 2026, the Copy of Case Opening Notice issued March 16, 2026, was returned as undeliverable mail. On at least one of these occasions, this notice was mailed to Petitioner at the Alexandria Staging Facility in Alexandria, Louisiana, although it is this court's understanding from both Petitioner's filings and the government's representations that Petitioner has been housed at Plymouth since he was returned from the Alexandria Staging Facility to Massachusetts on March 22, 2026.

impending removal in a manner prohibited by statute, see 8 U.S.C. § 1252(a)(5); (2) Petitioner's

detention did not violate his constitutional right to due process at that point in time; and

(3) Petitioner was not entitled to the relief he requested pursuant to the settlement agreement

entered in Calderon v. Mayorkas, No. 18-cv-10225-PBS (D. Mass.), as Petitioner is not a

member of the class certified in that case. See Mem. & Order, Chuta-Salazar v. Blanche, 26-cv-

11287-IT, 2026 WL 949004, at *4–5 (D. Mass. Apr. 8, 2026).

On April 27, 2026, U.S. Immigration and Customs Enforcement ("ICE") notified

Petitioner that his "custody status ha[d] been reviewed, and it has been determined that you will

not be released from the custody of [ICE] at this time." Opp'n Ex. B, at ECF 1 [Doc. No. 8-2]

(the "April 27, 2026 Notice"). The April 27, 2026 Notice further explained that ICE

> determined to maintain [Petitioner's] custody because [Petitioner] ha[s] not
> demonstrated that, if released, [he] will not[] pose a danger to the community, to
> the safety of other persons, or to property[,] [and] ICE is in receipt or expects to
> receive the necessary travel documents to effectuate [Petitioner's] removal, and
> removal is practicable, likely to occur in the reasonably foreseeable future, and in
> the public interest.

Id.

As specific grounds for the custody decision, ICE referenced Petitioner's reinstated final

order of removal, two prior entrances into the United States without inspection or admission, and

prior removal from the United States. See id. ICE also pointed to "three restraining orders filed

against [Petitioner]" and, with respect to Petitioner's recent "charges for assault and battery on a

family/household member and malicious destruction of property [in Massachusetts,]" stated that

the recent dismissal of those charges "d[id] not erase the nature of these offenses which makes

[Petitioner] a danger to the community." Id. Accordingly, ICE determined that Petitioner shall

remain in custody until he is removed from the United States. See id. (citing 8 C.F.R.

§ 241.4(e)).

On May 4, 2026, Petitioner filed the pending Petition for Habeas Corpus [Doc. No. 1] and Emergency Motion for [a] Temporary Restraining Order and Stay of Removal [Doc. No. 2]. The court issued an Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 5] later that day.

In his Petition [Doc. No. 1], Petitioner seeks, inter alia, "immediate release from detention on conditions this Court deems appropriate, including supervised release, reporting requirements, or an order of supervision" or, "[i]n the alternative," an order directing the government "to show cause why [Petitioner] should not be released from custody." Id. at ECF 7. As grounds, Petitioner argues that (1) he is subject to "prolonged detention without significant likelihood of removal in the reasonably foreseeable future (Zadvydas claim)"; and (2) there are "changed circumstances" warranting relief, "including the dismissal of all criminal charges [pending against Petitioner in Massachusetts] on April 15, 2026, and ICE's denial of the post-order custody review." Id. at ECF 5.

The government opposes the Petition [Doc. No. 1], arguing that Petitioner's "arrest, detention, and removal are authorized by 8 U.S.C. § 1231 and do not violate the Constitution[,]" Opp'n 5 [Doc. No. 8]; that ICE "is prepared to move forward with Petitioner's removal . . . after this Court vacates its recently entered stay of removal[,]" id. at 8; and that this court lacks jurisdiction to review ICE's most recent custody determination and to either review or stay Petitioner's final order of removal, id. at 10–12.

On May 15, 2026, Petitioner filed his Reply [Doc. No. 9], asserting, inter alia, that the criminal charges against him in Massachusetts "have been dismissed"; that Petitioner "ha[s] been detained for over three months with no real prospect of removal" in light of his pending petition for review in the First Circuit and the pending Form I-130, Petition for Alien Relative, filed by

Petitioner's wife on his behalf; and that his "custody review was based on false information" and resulted in an arbitrary decision to keep Petitioner in custody. Id. ¶¶ 1–2, 4.

On May 19, 2026, the government filed a Supplemental Notice of Intent to Transfer for Purpose of Removal [Doc. No. 10], in which they informed the court that ICE "intend[s] to transfer Petitioner from the District of Massachusetts for [the] purpose of removal from the United States." Id. at 1. To effect the transfer and removal, the government again asks this court to deny the Petition [Doc. No. 1] and vacate the Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 5]. Supp. Notice 2 [Doc. No. 10]. Upon denial and vacatur, "ICE is ready to transfer Petitioner to Louisiana for staging this week with removal by next week." Supp. Notice, Ex. A, ¶ 7 [Doc. No. 10-1] ("Second Sullivan Declaration").

## II.    Discussion

To the extent Petitioner seeks to challenge his final removal order, the court, by statute, lacks jurisdiction to entertain such claims. See 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter. . . ."). The court will therefore turn to Petitioner's arguments under Zadvydas v. Davis, 533 U.S. 678 (2001), and 8 C.F.R. § 241.1, beginning with the latter.

### A.  *Application of 8 C.F.R. § 241.1*

Under 8 U.S.C. § 1231(a), a noncitizen subject to a final order of removal shall be removed from the United States "within a period of 90 days," a period the statute refers to as the "removal period." The noncitizen is subject to mandatory detention during the ninety-day removal period. See 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). If the noncitizen is not removed within the removal period, he or she

5

"shall be subject to supervision under regulations prescribed by the Attorney General" pending removal. Id. § 1231(a)(3). Certain noncitizens, however, may be detained "beyond the removal period." See id. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]").

Where the government sought to detain Petitioner for longer than ninety days, Petitioner underwent a custody review pursuant to 8 C.F.R. § 241.1. That regulation sets forth six "[c]riteria for release[,]" 8 C.F.R. § 241.4(e),[2] and eight "[f]actors for consideration" that "should be weighed in considering whether to recommend further detention or release of detainee, id. § 241.4(f).[3] See also id. § 241.4(g) (setting forth parameters for "[t]ravel documents and docket control for aliens continued in detention").

---

[2] The six criteria are:

> (1) Travel documents for the alien are not available, or in the opinion of the Service, immediate removal, while proper, is otherwise not practicable or not in the public interest; (2) [t]he detainee is presently a non-violent person; (3) [t]he detainee is likely to remain nonviolent if released; (4) [t]he detainee is not likely to pose a threat to the community following release; (5) [t]he detainee is not likely to violate the conditions of release; and (6) [t]he detainee does not pose a significant flight risk if released.

8 U.S.C. § 241.4(e).

[3] The eight factors are:

> (1) The nature and number of disciplinary infractions or incident reports received when incarcerated or while in Service custody; (2) [t]he detainee's criminal conduct and criminal convictions, including consideration of the nature and severity of the alien's convictions, sentences imposed, and time actually served, probation and criminal parole history, evidence of recidivism, and other criminal history; (3) [a]ny available psychiatric and psychological reports pertaining to the detainee's mental health; (4) [e]vidence of rehabilitation including institutional progress relating to participation in work, educational, and vocational programs, where available; (5) [f]avorable factors, including ties to the United States such as the number of close relatives residing here lawfully; (6) prior immigration violations and history; (7)

6

Petitioner asserts that ICE's decision to retain Petitioner in custody "ignored every factor that weighs in favor of release" under the relevant regulations. Pet. ECF 6 [Doc. No. 1]. As support for this argument, Petitioner refers to evidence provided to ICE in his "documentation package[,]" including "a sworn declaration from [his] U.S. citizen wife; the Chelsea District Court docket showing dismissal of all criminal charges; proof of the I-130 filing; evidence of community ties; and evidence of the pending First Circuit case." Id. Petitioner also emphasizes that he does not have a criminal record, is married to a United States citizen, has a stable home and was employed prior to his detention, and "ha[s] lived in the United States for over twelve years[.]" Id.

But, contrary to Petitioner's position, the April 27, 2026 Notice sufficiently demonstrates both that ICE conducted the requisite custody review and that the review and decision resulting therefrom accounted for the various factors that ICE is permitted to consider pursuant to 8 C.F.R. § 241.4. See Apr. 27, 2026 Not. ECF 1 (stating that ICE either has, or expects to receive, travel documents necessary to effectuate Petitioner's removal and referring to the agency's consideration of, inter alia, Petitioner's two prior unauthorized entries into the country, Petitioner's three prior restraining orders, and the "nature" of the since-dismissed state charges against Petitioner). Accordingly, where Petitioner has not sufficiently alleged that ICE did not

---

[t]he likelihood that the alien is a significant flight risk or may abscond to avoid removal, including history of escapes, failures to appear for immigration or other proceedings, absence without leave from any halfway house or sponsorship program, and other defaults; and (8) [a]ny other information that is probative of whether the alien is likely to [a]djust to life in a community, [e]ngage in future acts of violence, [e]ngage in future criminal activity, [p]ose a danger to the safety of himself or herself or other persons or to property, or [v]iolate the conditions of his or her release from immigration custody pending removal from the United States.

Id. § 241.4(f).

meet its regulatory obligations as to Petitioner's custody review, his <u>Petition</u> [Doc. No. 1] cannot be granted on such grounds. <u>See, e.g.</u>, <u>Thai v. Hyde</u>, 788 F. Supp. 3d 57, 61 (D. Mass. 2025) ("The constitutional validity of § 241.4 has not been disputed and, in fact, other courts have routinely denied due process challenges where ICE has met is regulatory obligations.").

      B.  *Petitioner's Due Process Argument Pursuant to* Zadvydas v. Davis

In <u>Zadvydas</u>, the Supreme Court concluded that detention of a noncitizen beyond the statutory ninety-day removal period, <u>see</u> 8 U.S.C. § 1231(a)(6), is limited to "a period reasonably necessary to bring about" the noncitizen's removal, with six months of detention considered presumptively reasonable. <u>See</u> 533 U.S. at 679, 689. Where the court assessed "reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal," <u>id.</u> at 699, detention of a noncitizen whose removal is not reasonably foreseeable is "unreasonable and no longer authorized by statute." <u>Primero v. Mattivelo</u>, 25-cv-11442, 2025 WL 1899115, at *4 (D. Mass. July 9, 2025) (citing <u>Zadvydas</u>, 533 U.S. at 699–700). A noncitizen may therefore "be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Zadvydas</u>, 533 U.S. at 701.

Here, Petitioner is subject to a reinstated final order of removal, with which he was "served [in] February 2026." Pet. ECF 3 [Doc. No. 1]. Although Petitioner's petition for review of his negative credible fear determination remains pending, the First Circuit has denied Petitioner's accompanying request for a stay of his removal. <u>See</u> Order of Court, <u>Chuta-Salazar v. Blanche</u>, No. 26-1262, Dkt. No. 5, at *1–2 (1st Cir. Mar. 25, 2026). Similarly, Petitioner's unadjudicated Form I-130 petition does not stand in the way of execution of a final order of removal. <u>See</u> <u>Dambrosio v. McDonald</u>, 25-cv-10782-FDS, 2025 WL 1070058, at *2 (D. Mass.

Apr. 9. 2025) ("Petitioner asserts that if his pending visa applications are considered by USCIS, then his detention could last for more than 40 months. . . . That assertion, however, does not bear on the question of whether his detention has thus far contravened federal law."), reconsideration denied, 793 F. Supp. 3d 271 (D. Mass. 2025). Petitioner has therefore not identified any pending bar to his removal.

The record before the court also indicates that the government intends to expeditiously execute Petitioner's final removal order. See Sullivan Decl. ¶ 10 [Doc. No. 8-1] ("ICE is ready to effect the removal of Petitioner upon providing adequate notice to this court, barring any orders staying his removal."); Second Sullivan Decl. ¶ 7 [Doc. No. 10-1] ("Upon the court's vacatur of its order prohibiting Petitioner's removal from the United States, ICE is ready to transfer Petitioner to Louisiana for staging this week with removal by next week."). The "significant likelihood" of Petitioner's removal in the "reasonably foreseeable future[,]" Zadvydas, 533 U.S. at 701, is further bolstered where the government represents, and Petitioner does not rebut, that "[a] travel document is not necessary for ICE to remove the Petitioner to Guatemala because Guatemala is a participant in the Electronic Nationality Verification (ENV) program." Sullivan Decl. ¶ 11 [Doc. No. 8-1]; see Second Sullivan Decl. ¶ 8 (asserting the same).

Accordingly, the court finds that there is a "significant likelihood of [Petitioner's] removal in the reasonably foreseeable future[,]" Zadvydas, 533 U.S. at 701. Petitioner has therefore failed to overcome the presumption of reasonableness afforded to his less-than-six-month period of detention. See id. at 689, 701.

### III.   Conclusion

For the foregoing reasons, Petitioner's Petition for Habeas Corpus [Doc. No. 1] is DENIED, and Petitioner's Emergency Motion for [a] Temporary Restraining Order [Doc. No. 2]

is DENIED as moot. The Order Concerning Service of Petition and Stay of Transfer or Removal

[Doc. No. 5] is VACATED.

The government shall submit a status report on this matter no later than June 5, 2026.

IT IS SO ORDERED.

May 22, 2026                                             /s/ Indira Talwani
                                                         United States District Judge